ORFINGER, Chief Judge.
An affidavit charging appellant with a violation of probation was dismissed by the trial court for the reason that the probationary period had expired one day prior to the time the affidavit was filed. The State appeals. We affirm.
On February 9, 1979, appellee was placed on probation for three years. Because of criminal activity in which he was allegedly involved, an affidavit for violation of probation was filed February 9, 1982. The State contends that under Florida Rule of Criminal Procedure 3.040, the day of the probation order is not counted, thus the three-year period would end February 9, 1982. Using this analysis, the State contends that the probation order was still in effect on the day the affidavit for violation was filed.
*656 Appellee contends, however, that to sustain this position, we would have to agree that appellee was not subject to the probation order on February 9, 1979, the date on which it was imposed. Appellee contends that this result is obviously illogical and incorrect and we agree. To determine when this probation period ended, we must determine when it began. Here, the period of probation began on February 9, 1979, and the defendant was subject to the order from the moment it was imposed. Without a doubt, the probation could have been revoked for a violation which occurred that day. Therefore, each full year of the probationary period ended on the next succeeding February 8, and the three year probation period here ended on February 8, 1982. See Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981).
A court may only revoke probation for violations which occur during the term of that probation. Swift v. State, 362 So.2d 723, 724 (Fla. 2d DCA 1978). Once a probation term has expired, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation. Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978).
The order of dismissal is
AFFIRMED.
COBB and FRANK D. UPCHURCH, JJ., concur.