481 So.2d 929 (1985)
Allen C. CLARK, Tax Collector of Palm Beach County, Florida, Rebecca Walker, Property Appraiser of Palm Beach County, and Randy Miller, Executive Director of the Department of Revenue of the State of Florida, Petitioners,
v.
Honorable Jack H. COOK, Circuit Court Judge, and New Plan Realty Trust, Respondents.
No. 85-991.
District Court of Appeal of Florida, Fourth District.
November 27, 1985.
Rehearing Denied February 12, 1986.
*930 John R. Beranek of Klein & Beranek, P.A., and Cone Wagner Nugent Johnson Hazouri & Roth, P.A., West Palm Beach, for petitioner Allen C. Clark.
Gaylord A. Wood, Jr., of Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, and Fearrington & Hyman, West Palm Beach, for petitioner Rebecca E. Walker.
Jim Smith, Atty. Gen., and Barbara Staros Harmon, Asst. Atty. Gen., Tallahassee, for petitioner Randy Miller.
Lisa Miller Layman of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., West Palm Beach, for respondent New Plan Realty Trust.
GLICKSTEIN, Judge.
This is a petition by the Tax Collector of Palm Beach County, seeking this court's order, prohibiting the trial judge from further exercise of his jurisdiction in an action brought by a property owner against the tax collector, the county property appraiser and the executive director of the Department of Revenue. We grant the relief and direct the trial judge to enter an order of dismissal with prejudice against the property owner. We have realigned the parties, upon request of the property appraiser and executive director, reflecting them to be co-petitioners.
The issue is not complex. Section 194.171, Florida Statutes (1983), is clear to us, saying:
194.171 Circuit court to have original jurisdiction in tax cases. 
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.0134.
(3) Before a taxpayer may bring an action to contest a tax assessment, he shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the taxpayer shall file the receipt with his complaint.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right of a taxpayer to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case *931 when the taxpayer has failed to comply with the requirements of subsection (5).
It was incumbent upon the property owner to file its action and pay what it considered to be owing in taxes within sixty days of the tax roll's certification. We know that the tax roll was certified on November 16, 1984. We also know that the property owner filed its action in the trial court on January 15, 1985. Finally, we know that the property owner did not tender to the tax collector what it admitted in good faith to be owing until January 30, 1985. By then the action was legally dead for lack of jurisdiction; the late tender could not breathe life back into the action, even were we to construe the statute so as to permit tender of payment, and refusal of tender, to be the equivalent of actual payment for the purpose of deciding a motion to dismiss.
Prior to July 1, 1983, the controlling statute did not contain subsection (6). Accordingly, the trial court erred if its questioned orders relied upon pre-statute decisions.
DOWNEY and ANSTEAD, JJ., concur.