514 So.2d 368 (1987)
David SEITLIN, Trustee, Appellant,
v.
Franklin B. BYSTROM, As Property Appraiser of Dade County, Florida and Fred Ganz, As Acting Tax Collector of Dade County, Florida, Appellees.
No. 86-2718.
District Court of Appeal of Florida, Third District.
May 19, 1987.
On Rehearing November 3, 1987.
Segall & Gold and Norman Segall, Coral Gables, for appellant.
Robert A. Ginsburg, Co. Atty. and James K. Kracht, Asst. Co. Atty., for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
On Rehearing En Banc November 3, 1987.
PER CURIAM.
We hold that the time commences to run for purposes of seeking court review of the action of the Property Appraisal Adjustment Board from the date contained on the notice which advises the taxpayer of the action of the board.[1] Therefore, the taxpayer's attack on the assessment, as approved by the board, filed within 60 days of the date on the notice of the board's action was timely, although beyond 60 days from when the board met and made its determination, which was later reduced to writing. Therefore, the summary judgment holding that the time commenced from the date of the board's meeting and not the date contained on the notice of the board's action is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, and DANIEL S. PEARSON and FERGUSON and JORGENSON, JJ.

*369 ON REHEARING EN BANC
PER CURIAM.
Following review of the motion for rehearing en banc the court considered the following per curiam affirmed opinions, Schild v. Metropolitan Dade County, 498 So.2d 466 (Fla. 3d DCA 1986); Turnberry Towers Corp. v. Bystrom, 496 So.2d 198 (Fla. 3d DCA 1986); Valencia Center, Inc. v. Bystrom, 496 So.2d 198 (Fla. 3d DCA 1986); and the case of Bystrom v. Stone, 498 So.2d 434 (Fla. 3d DCA 1986) which the county contends are opposite to the panel opinion in this cause. In order to clarify the matter, we recede from the aforementioned cases and adopt the panel opinion.
NOTES
[1] Section 194.034(2), Florida Statutes (1985):

194.034 Hearing procedures; rules.
(2) In each case, except when a complaint is withdrawn by the petitioner or is acknowledged as correct by the property appraiser, the property appraisal adjustment board shall render a written decision. All such decisions shall be issued within 20 calendar days of the last day the board is in session under s. 194.032. The decision of the board shall contain findings of fact and conclusions of law and shall include reasons for upholding or overturning the determination of the property appraiser. When a special master has been appointed, the recommendations of the special master shall be considered by the board. The clerk, upon issuance of the decisions, shall, on a form provided by the Department of Revenue, notify by first-class mail each taxpayer, the property appraiser, and the department of the decision of the board. (Emphasis added.)
Section 194.171(2), Florida Statutes (1985):
194.171 Circuit court to have original jurisdiction in tax cases.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.323. (Emphasis added.)