544 So.2d 1139 (1989)
William MARKHAM, As Broward County Property Appraiser, Joseph Rosenhagen, As Broward County Revenue Collector and Randy Miller, As Executive Director of the Department of Revenue, Petitioners,
v.
Honorable Harry G. HINCKLEY, Jr., Circuit Court Judge, and John L.A. Bond, Respondents.
No. 89-0218.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
*1140 B. Jordan Stuart of Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for petitioner-Markham.
Bradford J. Beilly of Miller & Beilly, P.A., Fort Lauderdale, for respondent-Bond.
DELL, Judge.
Petitioners seek a writ of prohibition to prohibit the Seventeenth Judicial Circuit in and for Broward County from the exercise of jurisdiction in an action filed by John L.A. Bond v. William Markham, Broward County Property Appraiser, et al., Case No. 86-32883. Petitioners claim the trial court exceeded its jurisdiction by failing to dismiss respondent Bond's suit which was brought pursuant to section 194.171, Florida Statutes (1985), to contest a 1986 assessment on his property. Respondent Bond concedes that he did not make timely payment of his good faith tax deposit for the calendar year 1987. However, he claims that based on his equitable defenses the trial court correctly denied petitioners' motion to dismiss.
In Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985), the taxpayer timely filed an action to contest a tax assessment. However, the taxpayer did not make his good faith tender of the taxes due until more than sixty days had expired after certification of the tax roll. This court granted a writ of prohibition and held:
Finally, we know that the property owner did not tender to the tax collector what it admitted in good faith to be owing until January 30, 1985. By then the action was legally dead for lack of jurisdiction; the late tender could not breathe life back into the action, even were we to construe the statute so as to permit tender of payment, and refusal of tender, to be the equivalent of actual payment for the purpose of deciding a motion to dismiss. Id. at 931.
The Florida Supreme Court unequivocally stated in Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987), that the jurisdictional requirements of section 194.171 must be strictly enforced:
Although subsections 194.171(5) and (6) appear to be somewhat harsh, their meaning is clear. Subsection 194.171(5) plainly states that a taxpayer may not maintain a suit contesting a tax assessment, and that such an action "shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent." Subsection (6) expressly declares that these requirements are jurisdictional and that "[a] court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5)." The statute does not allow a court to retain jurisdiction once taxes become delinquent. Id. at 1074-75.
Accordingly, we grant petitioner's petition for a writ of prohibition and direct the trial court to enter an order of dismissal with prejudice of the action filed by the respondent, John L.A. Bond, against petitioners.
PROHIBITION GRANTED.
LETTS and WALDEN, JJ., concur.