575 So.2d 1307 (1991)
William MARKHAM, As Broward County Property Appraiser, Petitioner,
v.
W. Herbert MORIARTY, Circuit Court Judge, Respondent.
No. 90-2582.
District Court of Appeal of Florida, Fourth District.
February 6, 1991.
Certification and Rehearing Denied March 28, 1991.
*1308 B. Jordan Stuart of Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for petitioner.
Perry W. Hodges, Jr. of Law Offices of Perry W. Hodges, Jr., Fort Lauderdale, for respondent-Abundant Life Christian Centre, Inc.
PER CURIAM.
This petition for writ of prohibition contests the jurisdiction of the circuit court over a suit challenging the Broward County Property Appraiser's 1989 assessment of certain real property. We grant the petition for writ of prohibition, quash the trial court order denying petitioner's motion for summary judgment, and remand with directions to enter summary judgment in favor of the property appraiser. We sua sponte strike Abundant Life Christian Centre, Inc. as named respondent.
On March 30, 1990, Abundant Life filed an action contesting the imposition of real estate taxes. Among the other allegations of the complaint was an allegation that the property was exempt from taxes, and an allegation that the assessment notice violated due process in that it failed to notify the taxpayer that it was required to bring an action contesting the imposition of taxes within 60 days of certification of the tax rolls. Petitioner Markham filed a motion for summary judgment based on lack of jurisdiction, claiming that the complaint was untimely because it was filed beyond the 60 days allowed for filing pursuant to section 194.171(2), Florida Statutes (1989).
The tax roll was first certified by the property appraiser on October 17, 1989. Notice of the certification was published. The tax roll was then recertified on January 31, 1990. Respondent did not file a petition with the board challenging the tax assessment.
A writ of prohibition is the appropriate procedural device to quash the improper exercise of power without jurisdiction. Such a writ may issue where a trial court exceeds its jurisdiction by failing to dismiss a cause of action contesting a tax assessment where the jurisdiction requirements of section 194.171 are not met. Markham v. Hinckley, 544 So.2d 1139 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla. 1989); Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985).
Section 194.171, Florida Statutes provides in part: (emphasis added)
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested *1309 is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board... .
* * * * * *
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.
In Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988), the Florida Supreme Court held that the plain meaning of subsection (6) requires that the sixty day requirement of subsection (2) be construed as a jurisdictional statute of nonclaim rather than as a statute of limitations. The Neptune court determined that the trial court lacked jurisdiction to consider a taxpayers' suit challenging an assessment, and the constitutionality of the authorizing time share statute, where the complaint was filed more than sixty days after the tax rolls were certified.[1]
In this case, the tax rolls were extended and certified prior to completion of board hearings, as permitted by section 197.323(1). The property appraiser then recertified the entire tax rolls as set forth in section 193.122(3). Respondent claims that the date of the second certification of the tax roll by the property appraiser is the correct date to use as starting the running of the sixty day filing period.
Petitioner responds that the second certification of the tax roll by the property appraiser has no effect on the running of the time in which to file.
Section 193.122 provides in part as follows: (emphasis added)
(1) The property appraisal adjustment board shall certify each assessment roll upon order of the board of county commissioners pursuant to s. 197.323, if applicable, and again after all hearings required by s. 194.032 have been held... .
(2) After the first certification of the tax rolls by the property appraisal adjustment board, the property appraiser shall make all required extensions on the rolls to show the tax attributable to all taxable property. Upon completion of these extensions, and upon satisfying himself that all property is properly taxed, the property appraiser shall certify the tax rolls and shall within 1 week thereafter publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011 and publicly display a notice of the date of certification in the office of the property appraiser. The property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing... .

(3) When the tax rolls have been extended pursuant to s. 197.323, the second certification of the property appraisal adjustment board shall reflect all changes made ... Upon such certification, the property appraiser shall recertify the tax rolls with all changes to the collector and shall provide public notice of the date and fact of recertification pursuant to subsection (2).

(4) An appeal of a property appraisal adjustment board decision pursuant to s. 194.036(1)(a) or (b) by the property appraiser shall be filed prior to extension of the tax roll under subsection (2) or, if the roll was extended pursuant to s. 197.323, within 30 days of recertification under subsection (3).

The language of the statute is clear. The 60 day filing period referred to in section 194.171 is 60 days from the date of the initial certification as long as no petition challenging the assessment is pending before the Board and not 60 days from the date of a recertification. The critical date *1310 for filing an action in this instance was 60 days from October 17, 1990. Accordingly, the trial court's denial of petitioner's motion for summary judgment based on lack of jurisdiction was a departure from the essential requirements of law.
Respondent also claims that the property appraiser was not entitled to a summary judgment because of respondent's constitutional challenge on due process grounds. Respondent contends that the notice requirements of section 193.122(2), Florida Statutes, do not comport with the standard set forth by the United States Supreme Court in Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In Pope, the Court considered Oklahoma's Probate Code. The Court held that the Due Process Clause of the Fourteenth Amendment required that a creditor be given notice by mail or such other means as is certain to ensure actual notice. Respondent argues that at the very least the notice to Florida taxpayers should contain a statement similar to that found in the Florida probate nonclaim statute (section 733.212(1)(a), Florida Statutes) which states that all claims against the estate must be filed "within the time periods set forth in ss. 733.702 and 733.10, or be forever barred."
However, persons owning property within a state are charged with knowledge of relevant statutory provisions affecting the control or disposition of property. North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953 (1925). Here, the taxpayer or its representative, was presumed to know the jurisdictional limitation which applies. Additionally, the principles which apply to notice in probate cases, as enunciated in Pope, are inapplicable here. In Pope, the Court distinguished nonclaim statutes with attributes of self-executing statutes of limitations from the probate nonclaim statute at issue. In the former, the self-executing feature of the statute and the state's limited involvement in the running of the time period prevent triggering protections of the Due Process Clause.
Furthermore, while the Pope court recognized that the requirement of actual notice in probate and bankruptcy proceedings, where a limited number of persons are involved, is not so burdensome or impracticable as to warrant reliance on publication notice alone, such is not the case with ad valorem tax assessments. Furthermore, section 193.122(2), Florida Statutes provides a means whereby a taxpayer can receive actual notice of the date of certification. It states that "the property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing... ."
Therefore, we grant the writ of prohibition, quash the order denying the motion for summary judgment, and remand to the trial court with directions to enter summary judgment in favor of petitioner.
HERSEY, C.J., and STONE and POLEN, JJ., concur.
NOTES
[1] The Florida Supreme Court previously had determined that the jurisdictional requirements of § 194.171 must be strictly enforced in Bystrom v. Diaz, 514 So.2d 1072, 1074 (Fla. 1987). See also Markham v. Hinckley, 544 So.2d 1139, 1140 (Fla. 4th DCA 1989).