610 So.2d 716 (1992)
Rebecca E. WALKER, as Property Appraiser, for Palm Beach County, Florida, Petitioner,
v.
Edward A. GARRISON, Circuit Court Judge, Respondent.
No. 92-2606.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
*717 Gaylord A. Wood, Jr., of Wood & Stuart, P.A., Fort Lauderdale, and Willa A. Fearrington of Arnstein & Lehr, West Palm Beach, for petitioner.
David H. Greenberg, Pompano Beach, for respondent.
OWEN, WILLIAM C., Jr., Senior Judge.
Because the respondent circuit judge lacked subject matter jurisdiction over the untimely filed action of Irving Cowan contesting the 1991 assessment on his property, we grant the writ of prohibition and quash the order denying petitioner's motion to dismiss.
Our decision is based upon the opinion of this court in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied, sub nom., Abundant Life Christian Centre, Inc. v. Markham, ___ U.S. ___, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991), the relevant facts of which were virtually identical to the undisputed relevant facts in this case. On October 16, 1991, petitioner, as property appraiser of Palm Beach County, initially certified the tax rolls pursuant to section 193.122(2), Florida Statutes. At that time the taxpayer, Irving Cowan (whom we have permitted to appear as a respondent) had pending before the Value Adjustment Board his petition for reduction of the assessment. On March 6, 1992, that board rendered its decision, on Mr. Cowan's petition, denying the requested adjustment. On March 13, 1992, as required by section 193.122(3), Florida Statutes, petitioner recertified the tax rolls to reflect the changes made by the Value Adjustment Board on March 6, 1992. Mr. Cowan filed this action on May 7, 1992, a date more than sixty days after petitioner's initial certification of the tax rolls, and more than sixty days after the decision rendered by the Value Adjustment Board, but within sixty days of the date upon which petitioner recertified the tax rolls.
In Markham v. Moriarty, the identical issue was involved, i.e., whether the sixty day filing period commences to run at the time of the initial certification under section 193.122(2), as petitioner contends, or whether it commences to run at the time of the recertification under section 193.122(3), as the respondent taxpayer contends and as the respondent judge apparently held. In the cited case we held that:
The language of the statute is clear. The 60 day filing period referred to in section 194.171 is 60 days from the date of the initial certification as long as no petition challenging the assessment is pending before the Board and not 60 days from the date of a recertification. (Emphasis supplied).
The italicized language was not intended to qualify or restrict the court's decision as to which certification date triggered the running of the sixty day filing period. Rather, that language was intended to confirm that the date of initial certification did not affect a taxpayer whose petition to the Value Adjustment Board had not, at that time,[1] *718 received final action. The statute makes clear that as to a taxpayer in this latter category the running of the sixty day period only commences upon the board rendering its decision. As applied to Mr. Cowan, the pendency of his petition to the board at the time of the initial certification on October 16, 1991 meant that he was not limited to sixty days from that date, but had the benefit of a later filing, i.e., sixty days after the board rendered its decision on his petition.[2]
In order to remove any doubt, we hold that the sixty day filing period contained in section 194.171(2), Florida Statutes commences on the date of the initial certification of the rolls under section 193.122(2) for all taxpayers who either did not file a petition with the Value Adjustment Board, or filed a petition that had received final action of the board prior to that time, and as to those taxpayers who had filed a petition before the board upon which no final action had been taken by that time, the sixty day filing period commences to run from the date the board renders its decision on such taxpayer's petition.[3] The recertification of the rolls under section 193.122(3) has no bearing on the time limits of section 194.171(2).
The statute is more than a mere bar to the action, it is a jurisdictional statute of nonclaim, Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988), the noncompliance with which deprives the court of subject matter jurisdiction. See, e.g., Markham v. Moriarty, and cases cited therein.
The respondent taxpayer also argues here, as he did before the trial court, that the petitioner is estopped to assert the jurisdictional statute of nonclaim because allegedly someone in the tax collector's office informed the taxpayer that he had until May 12th as a deadline to pay taxes and file the action. Why or how the issue of estoppel, an affirmative defense, could have been before the trial court on a motion to dismiss for lack of subject matter jurisdiction is a mystery we need not solve. Suffice it to say that an estoppel would not defeat the application of the statute of nonclaim. Neither conduct nor consent of the parties may confer on a court subject matter jurisdiction which it does not otherwise have. Ringling Brothers-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA), cert. denied, 303 So.2d 644 (Fla. 1974).
The respondent circuit judge was without jurisdiction to proceed in this matter other than to enter an order dismissing the complaint. Prohibition is the appropriate writ to prevent a court from acting without jurisdiction. Markham; Old Republic Ins. Co. v. Whitworth, 442 So.2d 1078 (Fla. 3d DCA 1983). The order denying the motion to dismiss in Case No. CL 92-4948 AE is quashed and this opinion shall serve as the writ prohibiting respondent from exercising further jurisdiction in that case other than to enter an order dismissing the complaint for lack of subject matter jurisdiction.
HERSEY, J., concurs.
LETTS, J., concurs in conclusion only.
NOTES
[1] While section 194.171(2) fixes this time as prior to "extension of the roll under section 197.23" (a statute which permits the roll to be extended and certified prior to completion of the Value Adjustment Board hearings), we think it clear under the legislative scheme that reference to the "extension of the roll under section 197.23" contemplates the same time frame as the extension and certification of the rolls referred to in section 193.122(2), Florida Statutes.
[2] Mr. Cowan argues that this alternative prong of the sixty day statute does not apply to him because, at the time of recertification on March 13, 1992, the board had already acted on his petition, an argument which assumes, contrary to our holding here, that the sixty day statutory period commences with the recertification required under section 193.122(3).
[3] Though Mr. Cowan was within this latter category, his action was nonetheless untimely filed.