Mr. Abe Skinner Collier County Property Appraiser 3301 Tamiami Trail East Building C-2 Naples, Florida 33962-4996
Dear Mr. Skinner:
You ask substantially the following question:
Does the 60 day period in which to file an action contesting a tax assessment include the date the assessment is certified for collection under section 193.122(2), Florida Statutes, or does it begin the day after certification?
In sum:
The 60 day period in which to bring an action to contest a tax assessment begins the day after the assessment is certified for collection under section 193.122(2), Florida Statutes, unless a petition challenging the assessment filed before certification is before the value adjustment board.
Section 194.171(2), Florida Statutes (1994 Supp.), provides:
No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323. (e.s.)
As provided in subsection (6) of section 194.171, the requirements of subsection (2) are jurisdictional and no court has jurisdiction until the requirements of subsection (2) have been met.[1]
While the words "from" or "after" do not have an absolute meaning,
[i]n most cases when something is required to be done in a given time from the day on which an event has happened, that date is excluded. . . . When time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, that day is excluded and the last day included; Sheets v. Seldon, 2 Wall., U.S., 177, 17 L.Ed. 822.[2]
The courts of this state have recognized this general rule.[3] As the Supreme Court of Florida stated in McMillen v. Hamilton,[4]
"The general rule for the computation of time accepted and recognized in this jurisdiction is that where an act is to be performed within a specified period of time, the first day is excluded in the computation and the last day of the period is included."
I am aware of the decision of the Fourth District Court of Appeal in Walker v. Garrison,[5] in which the court stated:
[T]he sixty days filing period contained in section 194.171(2), Florida Statutes commences on the date of the initial certification of the rolls under section 193.122(2) for all taxpayers who either did not file a petition with the Value Adjustment Board, or filed a petition that had received final action of the board prior to that time, and as to those taxpayers who had filed a petition before the board upon which no final action had been taken by that time, the sixty day filing period commences to run from the date the board renders its decision on such taxpayer's petition. (emphasis supplied by court)
The issue before the court was whether the sixty day filing period began to run from the date of the initial certification or the recertification of the rolls under section 193.122(3), Florida Statutes. The court was not addressing whether the sixty day filing period included or excluded the date of the original certification. The court's decision was based on an earlier decision in Markham v. Moriarty,[6] in which the court stated that the sixty day filing period referred to in section 194.171 is sixty days from the date of initial certification as long as no petition challenging the assessment is before the value adjustment board, and not sixty days from the date of recertification.
In light of the above, I am of the opinion that the 60 day period in which to bring an action to contest a tax assessment begins the day after the assessment is certified for collection under section193.122(2), Florida Statutes, unless a petition challenging the assessment filed before certification is before the value adjustment board.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 194.171(6), Fla. Stat. (1994 Supp.), provides:
The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
And see, Markham v. Neptune Hollywood Beach Club, 527 So.2d 814
(Fla. 1988), in which the Supreme Court held that the plain language of section 194.171(6) requires that the sixty day requirement of subsection (2) be construed as a jurisdictional statute of nonclaim rather than as a statute of limitations.
[2] Black's Law Dictionary From p. 796 (4th rev. ed. 1968). And see, 86 C.J.S. Time s. 13(3), stating that the generally accepted rule in computing a period of time "from" or "after" a certain day or a given date, or from the day of a specified act, is that day or date from which the reckoning is made will be excluded and the last day of the period will be included.
[3] See, e.g., Klein v. City of New Smyrna Beach, 152 So.2d 466
(Fla. 1963) (Generally, where time it to be computed from particular day or when act is to be performed within specified time from or after named date, first day is excluded and the last day is included); Silvernail v. American Fire and Casualty Company, 80 So.2d 707 (Fla. 1955); State v. Smith, 425 So.2d 655
(Fla. 5th DCA 1983).
[4] 48 So.2d 162, 163 (Fla. 1950). And see, Ludwig v. Glover,357 So.2d 233 (1st DCA 1978), citing McMillen.
[5] 610 So.2d 716 (Fla. 4th DCA 1992).
[6] 575 So.2d 1307 (Fla. 4th DCA 1991), cert. denied sub nom., Abundant Life Christian Centre, Inc. v. Markham, 112 S.Ct. 440,116 L.Ed.2d 458 (1991).