742 So.2d 408 (1999)
WAL-MART STORES, INC., Appellant,
v.
Robert M. DAY, etc., et al., Appellees.
No. 98-2978.
District Court of Appeal of Florida, Fifth District.
September 3, 1999.
*409 Steven L. Brannock, Rebecca H. Steele, and Robert E.V. Kelley, Jr. of Holland & Knight LLP, Tampa, for Appellant.
Loren E. Levy of The Levy Law Firm, Tallahassee, for Appellees.
W. SHARP, J.
Wal-Mart Stores, Inc. appeals from a final judgment which determined that its lawsuit challenging a 1997 tax assessment of property in two stores located in Osceola County was untimely under section 194.171, Florida Statutes (1997). This statute provides that no action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection. Compliance with this time period is jurisdictional and, if not complied with, deprives the circuit court of jurisdiction. Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988); Palmer Trinity Private School, Inc. v. Robbins, 681 So.2d 809 (Fla. 3d DCA 1996); Hall v. Leesburg Regional Medical Center; 651 So.2d 231 (Fla. 5th DCA 1995); Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992); Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied, 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991); Gulfside Interval Vacations, Inc. v. Schultz, 479 So.2d 776 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986).
The trial court reviewed the facts in this cause, the applicable case law, and concluded Wal-Mart missed the 60-day window after the assessment being contested was certified for collection. We can add little to his well-reasoned opinion, and we adopt it as the opinion of this court:

* * * * * * * *
1. This ad valorem tax case involves the taxpayer's, Wal-Mart Stores, Inc. (Wal-Mart), complaint alleging that the property appraiser's assessment of its tangible personal property for tax year 1997 was excessive. The question presented is whether Wal-Mart timely filed its complaint within the 60-day time period set forth in section 194.171(2), Florida Statutes (1997).
2. Section 194.171 provides a 60-day time period in which to file ad valorem cases. Section 194.171 is a jurisdictional non-claim statute. As the statute states:
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to § 193.085(4).
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under § 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under § 197.323.

(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the *410 complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

(Emphasis added.)
The Florida Supreme Court has clearly held that the 60-day time period set forth in section 194.171(2) must be strictly enforced as a jurisdictional nonclaim statute rather than a statute of limitations. See Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988); Bystrom v. Diaz, 514 So.2d 1072 (Fla.1987). The "difference between the two is that a statute of limitations bars untimely claims only when a party asserts the operation of the statute of limitations as an affirmative defense; a statute of nonclaim operates as an automatic bar to untimely claims." Thames v. Jackson, 598 So.2d 121, 123 (Fla. 1st DCA 1992). In accordance with section 194.171, therefore, the court lacks jurisdiction of the case if the complaint was not filed within the 60-day time period set forth in subsection (2). See Markham, 527 So.2d at 815 ("The requirements of subsections (2), (3), and (5), are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met."); Bystrom (failure to pay following year taxes prior to becoming delinquent requires dismissal of action); Hall v. Leesburg Regional Med. Center, 651 So.2d 231 (Fla. 5th DCA 1995) (60-day time period applied to actions relating to exemptions); Department of Revenue v. Stafford, 646 So.2d 803 (Fla. 4th DCA 1994) (taxpayer cannot avoid 60-day time period in which to challenge ad valorem tax assessment by arguing that it is seeking a refund of taxes paid); Robbins v. Friedman, 625 So.2d 83 (Fla. 3d DCA 1993) (section 194.171 does not allow court to retain jurisdiction once taxes become delinquent); Hinkley (same); Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992) (60-day time period commences upon tax roll certification or when VAB renders its decision, recertification date is irrelevant); Wilkinson v. Reese, 540 So.2d 141 (Fla. 2d DCA 1989) (taxpayers' failure to make good faith payment of taxes prior to filing suit required dismissal); Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985) (same); Hirsh v. Crews, 494 So.2d 260 (Fla. 1st DCA 1986) (payment of taxes by class representatives did not satisfy statutory requirements as to other class members); but see Mikos v. Parker, 571 So.2d 8 (Fla. 2d DCA 1990) (taxpayer's failure to attach receipt showing taxes paid to complaint did not require dismissal).
3. The undisputed facts as shown on the complaint and in the affidavits submitted by both parties show that:
(a) The Osceola County Value Adjustment Board (VAB) hearings were held on September 25 and 26, 1997. Mr. Jack West, Property Tax Control Company, filed petitions contesting the value of Wal-Mart's tangible personal property and appeared at the VAB hearings as representative for Wal-Mart on September 26, 1997. *411 At that time, Special Master Marshall denied the petitions....
(b) On October 2, 1997, the Osceola County VAB issued its "Certificate of Value Adjustment Board" for both the real and the tangible personal property rolls. Said certificate indicates that "all hearings required by s. 194.032, Florida Statutes, have been held."...
(c) On October 10, 1997, the Osceola County Property Appraiser certified both the real and tangible personal property rolls for collection. Said "Certificate to Roll" indicated that "all required extensions on the above described roll to show the tax attributable to all taxable property included therein have been made pursuant to law."...
(d) On October 10, 1997, the "Notice of Certification of Tax Roll" was publicly displayed in the Office of the Osceola County Property Appraiser....
(e) On October 17, 1997, the Notice of Certification of Tax Roll was published in the Osceola Sentinel section of The Orlando Sentinel. ...
(f) On October 17, 1997, the Record of Decision and Notice of Value Adjustment Board, County of Osceola, was mailed to Wal-Mart in care of Property Tax Control Company.
(g) On November 13, 1997, the Office of Osceola County Property Appraiser, received via facsimile a letter from Robert E.V. Kelley, Jr., attorney with the law firm of Holland & Knight requesting written notice of the date of certification of the tax rolls. In bold type, Mr. Kelley's letter also specifically requested the property appraiser to "[k]indly also confirm whether or not the certification is the only one for the year. If not, and the tax roll was extended at some prior date, please provide the date of the first certification."...
(h) On November 14, 1997, the Office of Osceola County Property Appraiser wrote to Mr. Kelley advising him that the Osceola County tax rolls were certified on October 10, 1997. Said letter indicated that "[t]he 1997 Osceola County tax roll was certified to the Tax Collector on October 10, 1997. This was the only certification for Osceola County."...
(i) The complaint was filed with the Osceola County Clerk of Court on December 15, 1998. [sic 1997]
(j) Jack West with Property Tax Control Company was employed as Wal-Mart's agent for purposes of filing petitions to the VAB protesting the tangible personal property assessments made by the appraiser.... Said affidavit further provided that neither Mr. West nor his company subscribed to The Orlando Sentinel, had knowledge of the published Notice of Certification of Tax Roll which occurred in October 1997, or received any actual notice of the date the tax roll was certified for collection by the appraiser. Mr. West also "made no written request to the defendant property appraiser, on Wal-Mart's behalf, to be advised of the date of certification of the tax roll."
(k) The affidavit of Willa Lovett, Property Tax Manager for Wal-Mart Stores, Inc., indicates that Wal-Mart does not maintain any corporate or administrative offices in Osceola County, Florida and that all tax notices and other communications concerning Osceola County Property tax assessments are sent to Wal-Mart in care of its agent, property Tax Control Company. That affidavit also indicates that Wal-Mart did not hire Mr. Kelley or his firm until December 1997, did not receive actual notice of the certification of the tax roll at any time prior to the filing of the complaint in this case, and did not receive actual notice either as a result of the publication which was made in The Orlando Sentinel, from the public posting of the notice of certification, or through a written request to defendant for the date of certification. The affidavit also indicates that the VAB's notice of decision mailed to Property Tax Control Company on October 17, 1997, was the only notice that Wal-Mart directly received concerning the outcome *412 of its administrative challenges of the assessments at issue....
4. The appraiser, on behalf of the department and joined by the Osceola County Tax Collector, contends that the October 10, 1997, tax roll certification date is the "trigger" date for the 60-day time period. Because the complaint was not filed until December 15, 1997, or 66 days from the certification date, the property appraiser contends that the action has been untimely filed and this court lacks jurisdiction.
5. Wal-Mart contends that the mailing date of the record of decision and notice of value adjustment board is the "trigger date" and, therefore, its lawsuit was timely filed within 60 days from October 17, 1997.

CONCLUSIONS OF LAW
6. This court holds that the date the tax roll was certified for collection is the applicable trigger date under section 194.171(2) in this case. Thus, Wal-Mart's lawsuit, filed December 15, 1997, was untimely as not being filed within 60 days from October 10, 1997. Accordingly, this court lacks jurisdiction under section 194.171 and grants final summary judgment in the defendants' favor.
In its response to the defendants' motion and at the summary judgment hearing, Wal-Mart has not disputed that the property appraiser properly complied with the notice requirements of the tax roll certification date set forth in section 193.122(2). Thus, the sole issue presented to this court is the appropriate "trigger date" to commence the running of the 60-day time period set forth in section 194.171(2). Subsection (2) provides that:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
The language of section 194.171(2) must be read in conjunction with section 197.323, Florida Statutes (1997), and section 193.122, Florida Statutes (1997). See Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992); Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA 1994); Joyner v. Roberts, 642 So.2d 826 (Fla. 1st DCA 1994). Chihocky and Joyner each analyzed the 60-day time period set forth in section 194.171(2) in light of the notice requirements set forth in section 193.122(2). Walker analyzed the extension of the roll language of section 194.171(2) in light of the provisions of sections 197.323 and 193.122.
When these statutes are read and construed together, the date the VAB renders its decision is the trigger date for the 60-day time period only if the property appraiser issues a partial or initial certification of the tax roll for all parcels either not being contested administratively or for which VAB proceedings had been finalized as authorized by section 197.323. Because there was only one certification of the tax roll in the instant case and the VAB had completed all of its hearings prior to the certification date, the applicable trigger date is 60 days from the date of certification and not from the date the VAB mailed its written decision confirming its action as reflected in its certification to the property appraiser at the conclusion of the VAB hearings.
Section 197.323(1) provides that:

Notwithstanding the provisions of s. 193.122, the board of county commissioners may, upon request by the tax collector and by majority vote, order the roll to be extended prior to the completion of value adjustment board hearings, if completion thereof would otherwise be the only cause for a delay in the issuance of tax notices beyond November 1. For any parcel which tax liability is subsequently altered as a result of *413 board action, the tax collector shall resolve the matter by following the same procedures used for correction of errors. However, approval by the department is not required for refund of overpayment made pursuant to this section.
(Emphasis added.) This language originated in 1980 in chapter 80-274, section 38, Laws of Florida. Section 197.323(1) should also be read in conjunction with section 193.122 which provides in pertinent part that:
(1) The value adjustment board shall certify each assessment roll upon order of the board of county commissioners pursuant to § 197.323, if applicable, and again after all hearings required by § 194.032 have been held. These certificates shall be attached to each roll as required by the Department of Revenue.
(2) After the first certification of the tax rolls by the value adjustment board, the property appraiser shall make all required extensions on the rolls to show the tax attributable to all taxable property. Upon completion of these extensions, and upon satisfying himself or herself that all property is properly taxed, the property appraiser shall certify the tax rolls and shall within 1 week thereafter publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011 and publicly display a notice of the date of certification in the office of the property appraiser. The property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing. These certificates and notices shall be made in the form required by the department and shall be attached to each roll as required by the department by regulation.
(3) When the tax rolls have been extended pursuant to § 197.323, the second certification of the value adjustment board shall reflect all changes made by the board together with any adjustments or changes made by the property appraiser. Upon such certification, the property appraiser shall recertify the tax rolls with all changes to the tax collector and shall provide public notice of the date and fact of recertification pursuant to subsection (2).

(4) An appeal of a value adjustment board decision pursuant to § 194.036(1)(a) or (b) by the property appraiser shall be filed prior to extension of the tax roll under subsection (2) or, if the roll was extended pursuant to § 197.323, within 30 days of recertification under subsection (3). The roll may be certified by the property appraiser prior to an appeal being filed pursuant to § 194.036(1)(c), but such appeal shall be filed within 30 days after receipt of the decision of the department relative to further judicial proceedings.
* * *
(7) Each assessment roll shall be submitted to the executive director of the department in the manner and form prescribed by the department within 1 week after extension and certification to the tax collector and again after recertification to the tax collector, if applicable. When the provisions of § 193.1145 are exercised, the requirements of this subsection shall apply upon extension pursuant to § 193.1145(3)(a) and again upon reconciliation pursuant to § 193.1145(8)(a).
(Emphasis added.)
The language of section 194.171(2) which provides a trigger date other than the date of certification of tax rollswas amended in 1983, after the provisions allowing the property appraiser to make an initial or partial certification of the tax roll originated in 1980. It clearly would be illogical to require a taxpayer to file suit within 60 days from the initial certification of the tax roll if his or her petition for the value adjustment board remained pending and had not yet been heard. Such a scenario would greatly reduce the efficacy of the VAB process. The language amended in 1983 provided that:

*414 "... or after 60 days from the date a decision is rendered concerning said assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.0134."
When section 194.171(2) is read in light of section 197.323 and section 193.122, the 60-day trigger date from the date the VAB renders its decision only applies if there has been an initial or partial certification of the tax roll followed by completion of the taxpayer's petition and VAB hearing and then recertification of the tax roll by the property appraiser. The 60-day time period from the date the decision is rendered is simply inapplicable to situations where the VAB hearings have been fully completed prior to certification of the tax roll and the property appraiser has certified the entire roll to the tax collector for collection. The court observes that section 194.034(2), Florida Statutes (1997), provides a 20-day time period for the VAB to mail its written notice and that the notice in the instant case was timely mailed within that time period.
The instant case is similar to the situation presented in Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992). There, the property appraiser initially certified the tax rolls on October 16, 1991. At that time, the taxpayer had pending before the VAB his petition for reduction of the assessment. On March 6, 1992, the VAB rendered its decision on the taxpayer's petition denying the requested adjustment. One week later, as required by section 193.122(3), the property appraiser recertified the tax rolls to reflect the VAB's changes. The taxpayer filed the action on a date more than 60 days after the property appraiser's initial certification of the tax rolls and more than 60 days after the decision rendered by the VAB but within 60 days of the date upon which the appraiser recertified the tax rolls.
Walker held that the 60-day filing period commences to run from the date the VAB rendered its decision on the taxpayer's petition and not from the date of recertification.[1] Importantly, the court held that the 60-day time period commences on the date of the initial certification of the rolls for all taxpayers who either did not file a petition or had filed a petition that had received final action of the board prior to that time period. As the court stated:

In order to remove any doubt, we hold that the sixty day filing period contained in section 194.171(2), Florida Statutes commences on the date of the initial certification of the rolls under section 193.122(2) for all taxpayers who either did not file a petition with the Value Adjustment Board, or filed a petition that had received final action of the board prior to that time, and as to those taxpayers who had filed a petition before the board upon which no final action had been taken by that time, the sixty day filing period commences to run from the date the board renders its decision on such taxpayer's petition. The recertification of the rolls under section 193.122(3) has no bearing on the time limits of section 194.171(2).
Walker, 610 So.2d at 718 (emphasis added, footnotes omitted).
Walker also observed in a footnote that "we think it clear under the legislative *415 scheme that reference to the `extension of the roll under section 193.23' [now 197.323] contemplates the same time frame as the extension and certification of the rolls referred to in section 193.122(2), Florida Statutes." 610 So.2d at 718, n. 1. Thus, Walker recognized the interrelationship of sections 197.323, 193.122, and 194.171(2).
In reaching its decision, Walker relied upon its previous decision in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991). There, the tax roll was first certified by the property appraiser and notification of the certification was published. The tax roll was then recertified at a later date. Unlike the situation in Walker, however, the taxpayer had not filed a petition with the VAB challenging the tax assessments. Markham, 575 So.2d at 1308. The court rejected the taxpayer's argument that it had 60 days from the date of recertification stating that:
In this case, the tax rolls were extended and certified prior to completion of board hearings, as permitted by section 197.323(1). The property appraiser then recertified the entire tax rolls as set forth in section 193.122(3). Respondent claims that the date of the second certification of the tax roll by the property appraiser is the correct date to use as starting the running of the sixty day filing period.
* * *
The language of the statute is clear. The 60 day filing period referred to in section 194.171 is 60 days from the date of the initial certification as long as no petition challenging the assessment is pending before the Board and not 60 days from the date of a recertification. The critical date for filing an action in this instance was 60 days from October 17, 1990.
Markham, 575 So.2d at 1309-1310 (emphasis added).
In the instant case, the Osceola County VAB certified on October 2, 1997, that it had completed all hearings on petitions filed with the board in accordance with section 193.122(1). When a VAB elects to rely upon a special master to conduct its hearings and issue a recommended decision, the VAB may act upon the recommendation without further hearing and then certify the roll to the property appraiser. §§ 194.034(2), 194.035(1), 193.122(1), Fla. Stat. (1997). The VAB's certification to the property appraiser with any changes made constitutes the authority for the property appraiser to extend taxes on the entire tax roll. See § 193.122(2), Fla. Stat. (1997). Thus, final action of the VAB was concluded on October 2, 1997; a date prior to the tax roll certification date.
On October 10, 1997, the property appraiser then certified the entire roll to the tax collector for collection. This case does not involve an initial or partial certification of the roll pending completion of remaining VAB hearings and a recertification of the roll. Thus, the mailing date indicated on the VAB's written notice of decision does not act to extend the running of the 60-day time period from the date of certification.
The facts of this case are distinguishable from those presented in Seitlin v. Bystrom, 514 So.2d 368 (Fla. 3d DCA 1987), review denied, 523 So.2d 576 (Fla.1988). There, the Third District Court of Appeal held that the 60-day time period commenced to run for purposes of seeking review of the VAB's denial of the taxpayer's petition from the date contained in the notice of decision and not from the date of the VAB hearing on the taxpayer's petition. In the instant case, the Special Master issued his decision denying Wal-Mart's petition on September 26, 1997. However, the VAB certified that it completed all hearings on October 2, 1997, and the property appraiser certified the entire roll for collection on October 10, 1997, prior to the mailing of the notice on October 17, 1997.[2]
This court also rejects Wal-Mart's contention that it has been denied equal *416 treatment and protection of the law because section 194.034(2) allows the VAB to mail its written decision within 20 days of the last day the board is in session under section 194.032. Wal-Mart contends, therefore, that taxpayers who file petitions within the VAB only have 40 days in which to file suit measured from the initial certification date instead of the full 60 days applicable to taxpayer who did not petition the VAB.
The district court in Markham has clearly held that actual knowledge of the tax roll certification date is not required because "persons owning property within the state are charged with knowledge of relevant statutory provisions affecting the control or disposition of property" and the taxpayer is presumed to know the jurisdictional limitation which applies. Markham, 575 So.2d at 1310; see also Chihocky, 632 So.2d at 233 ("The Legislature stopped short of requiring actual notice to all taxpayers as such a requirement would have been impractical and unduly burdensome.") Moreover, affidavits filed on behalf of Wal-Mart indicate that it failed to request actual notice as permitted by the statute....
Here, Wal-Mart had 60 days from the certification date in which to file suit and, just like any other taxpayer, is assumed to have knowledge of the applicable jurisdictional limitation which applies. Thus, no disparate treatment has been indicated under the facts of this case and Wal-Mart has not been denied equal protection under the law.

* * * * * * * *
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] The Walker decision is consistent with a review of the legislative history of the 1983 amendment to section 194.171(2). The original language of the House Bill was "or after 60 days from the date said assessment is recertified under s. 193.122(3) if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.0134." H.R. Bill 1321, Series 19, Box 1769, Fla. Arch. The language was amended on the floor of the House by deleting "said assessment is recertified under section 193.122(3)" and inserting "a decision is rendered concerning said assessment by the property appraisal adjustment board." Fla. H.R. Jour. 726 (Reg.Sess.1983).
[2] Wal-Mart's reliance upon Bystrom v. Florida Rock Indus., Inc., 452 So.2d 1053 (Fla. 3d DCA 1984), also is unavailing. That case involved the 1981 version of section 193.122 and section 194.171. At that time, the applicable statutes required the VAB to render its decision before certification of the tax roll. These provisions subsequently were amended to reflect the initial or partial certification of the tax roll, extension of the roll under section 197.323, and subsequent recertification of the tax roll.