452 So.2d 1053 (1984)
Franklin B. BYSTROM, Dade County Property Appraiser, Appellant/Cross-Appellee,
v.
FLORIDA ROCK INDUSTRIES, INC., Appellee/Cross-Appellant.
No. 83-2368.
District Court of Appeal of Florida, Third District.
July 10, 1984.
*1054 Robert A. Ginsburg, County Atty. and Stephen J. Keating, Asst. County Atty., for appellant/cross-appellee.
John G. Fletcher, South Miami, for appellee/cross-appellant.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Franklin Bystrom, Property Appraiser for Dade County, appeals a judgment of the trial court which (1) affirms a decision of the Property Appraisal Adjustment Board (PAAB) approving the assessment by the Property Appraiser as to one parcel of land owned by Florida Rock Industries, Inc. (parcel one), and (2) affirms a PAAB reduction of the assessments as to two other parcels owned by Florida Rock (parcels two and three). Florida Rock cross-appeals the trial court's affirmance of the PAAB decision insofar as it did not lower the assessment on parcel one and failed to sufficiently lower the assessments on parcels two and three. We affirm both the appeal and the cross-appeal.
Florida Rock appealed to the PAAB a 1980 ad valorem tax assessment valuation fixed by the Dade County Property Appraiser. The PAAB declined to reduce the assessment on the first parcel, but made reductions on the valuations as to parcels two and three. The assessment on parcel one was certified by the Property Appraiser to the Tax Collector,[1] but the assessments on the other two parcels were not certified because the Property Appraiser chose to challenge the lowered assessments before the circuit court. On December 2, 1981, within sixty days of the PAAB written and filed decision as to all three properties, *1055 Florida Rock filed suit in the circuit court against the Property Appraiser complaining that the Property Appraiser "failed to consider all of the factors contained ... in Section 193.011, Florida Statutes, and as a consequence, assessed the subject property in amounts in excess of the fair market value thereof." The taxpayer's lawsuit was filed in Judge Mario Goderich's division. On January 6, 1982, the Property Appraiser filed a circuit court action against the taxpayer challenging the two PAAB reductions of the Property Appraiser's official assessments. That case was assigned to and is still pending before Judge Thomas Testa.
As points on appeal the Property Appraiser asserts (1) as to the first parcel, the taxpayer's suit was filed more than sixty days after certification, so there was no subject matter jurisdiction pursuant to Section 194.171(2), Florida Statutes (1981), (2) as to parcels two and three, there was no subject matter jurisdiction because the assessments on those parcels had never been certified by the Property Appraiser to the Tax Collector, (3) the court should have dismissed the case because the taxpayer paid the assessment without indicating that payment was under protest, and (4) assuming that there was jurisdiction, the court was incorrect in finding as to parcels two and three that the fair market value was the reduced figure arrived at by the PAAB.
On the first point, we construe Section 193.122(1) and (4), Florida Statutes (1981) as requiring that the PAAB conduct all hearings required by Section 194.032, Florida Statutes (1981), and render its decision before certification of assessments.[2] Where, as here, there is no record evidence that certification preceded a decision, we therefore assume that the two occurred simultaneously, or that certification followed the PAAB decision. In either case, the taxpayer's appeal was timely.
We reject appellant's argument in the second point on appeal, that certification of the PAAB's assessment is a jurisdictional prerequisite to a taxpayer's suit in the circuit court to review the Board's written decision. Section 194.171, Florida Statutes (1981) bars the bringing of a suit to contest a tax assessment after sixty days from the date the assessment is certified for collection, but does not preclude commencement of an action prior to certification. That would apply especially here where there was no certification of the assessments on parcels two and three. We reject the suggestion implicit in the argument that if both parties are aggrieved by the action of the PAAB the taxpayer must wait for the Property Appraiser to commence the action. See Chatlos v. Overstreet, 124 So.2d 1 (Fla. 1960) (statute providing that no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment becomes final did not prohibit taxpayer from instituting suit to declare assessment invalid before the tax roll became final).
On the third point, we hold that a taxpayer who pays an assessment which has become due, where an appeal to the PAAB is pending, is not obligated to make such payments "under protest" so as to preserve the right to contest the assessment. Where a bona fide controversy exists between the Tax Collector and the taxpayer as to liability, the taxpayer may pay the amount claimed to be due pending a final adjudication, and obtain a refund if his challenge is successful. See § 195.106(1)(a)3., Fla. Stat. (1981) (currently § 197.0138(1)(a)3., Fla. Stat. (1983)).
*1056 As its fourth point on appeal the Property Appraiser (defendant below) challenges the "Final Judgment For Defendants," which affirms "the two re-evaluated assessments [parcels two and three] and the one original assessment [parcel one]." We consider the judgment in light of the relief originally sought. In its complaint for ad valorem tax relief, Florida Rock sought a reduced assessment as to all three parcels of land. As to parcels two and three, specifically, it sought a reduction in assessed value even greater than that which was granted by the PAAB. In ruling for the Property Appraiser the court determined that Florida Rock did not prove an entitlement to a reduction as to the assessment on parcel one, or a greater reduction as to the assessments on parcels two and three. We affirm those determinations.
The issue in the Property Appraiser's suit, which is still pending in the circuit court, is whether the PAAB should have lowered the assessments on parcels two and three in the first instance. That issue is not before us in this appeal. Neither do we decide, as the parties would have us, whether the Property Appraiser was obligated to file his pending claim as a counterclaim in this action, or whether the disposition of this case will have a res judicata effect on the pending action.
The sole issue raised in Florida Rock's cross-appeal is whether the trial court erred in refusing to grant a reduction of the assessment as to the first parcel, and a greater reduction as to the assessment on parcels two and three than was granted by the PAAB. The question is resolved by our disposition of the Property Appraiser's fourth point on appeal.
AFFIRMED.
NOTES
[1] The date of the certification is not clear from documents which are properly part of the record. What is of record is that the decision of the PAAB was not filed until October 8 or 9, 1981.
[2] Section 193.122(1) and (4), Florida Statutes (1981) provides in pertinent part:

(1) The property appraisal adjustment board shall certify each assessment roll after all hearings required by s. 194.032 have been held.
* * * * * *
(4) The property appraiser may extend millage as required in subsection (2) against the assessment roll and certify it to the tax collector even though there are parcels subject to judicial or administrative review pursuant to paragraph 194.032(6)(a). Such parcels shall be certified and have taxes extended against them in accordance with the property appraisal adjustment board's decisions....