632 So.2d 230 (1994)
Carol A. CHIHOCKY, As Trustee, Appellant,
v.
Ed CRAPO, As Alachua County Property Appraiser, Appellee.
No. 92-4146.
District Court of Appeal of Florida, First District.
February 18, 1994.
*231 Carol A. Chihocky of Hawthorne and Manuel De Aguero, Gainesville, for appellant.
C. Valentine Bates, Gainesville, for appellee.
WOLF, Judge.
Carol A. Chihocky appeals from a final summary judgment finding that the court lacked jurisdiction to hear an action to contest a tax assessment filed more than 60 days after certification of the tax roll. We find that the trial court erred in entering a summary judgment where there was a genuine issue of material fact as to whether the property appraiser complied with the statutory notice provisions which trigger the running of the 60-day period contained in section 194.171(2), Florida Statutes. We also find that the issues raised by this case are of great public importance, and they have not previously been addressed by the courts of this state; therefore, we certify the question contained herein to the supreme court, pursuant to rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure.
In January of 1990, appellant filed an application for an agricultural classification on certain land. The application was denied by appellee, Ed Crapo, property appraiser for Alachua County, on June 15, 1990. Appellant filed a petition for review of the decision with the Alachua County Property Appraisal Adjustment Board. On October 12, 1990, appellee mailed appellant a record of the decision of the Property Appraisal Adjustment Board, dated October 10, 1990, which denied relief to appellant. The tax assessment against appellant's property was certified on the tax rolls of Alachua County on October 26, 1990. Notice of the property appraiser's certification and extension of the tax roll of 1990 was published in the Gainesville Sun on October 30, 1990. Appellant filed a complaint in circuit court to challenge the property appraisal on January 2, 1991.
Appellant alleged that neither appellee nor any of his agents publicly displayed a notice of the date of certification and extension of the tax roll for 1990 in the Office of the Property Appraiser as required by section 193.122(2), Florida Statutes, until sometime in 1991. Appellant and her son both claimed to have looked for the tax roll several times between November 1990 and January 2, 1991.[1] Appellee filed a motion for summary judgment alleging that the challenge was untimely under section 194.171(2), Florida Statutes. Appellant argued that the time periods within the statute never began to run because appellee never posted notice of the certification of the tax roll.
*232 While appellee's affidavit stated that he publicly displayed a copy of notice of extension and certification of the tax roll in his office on or about October 30, 1990, his deposition indicated that he could not remember who had posted it. He stated that he asked his employees about the matter, and that none of them could remember posting the notice. The trial court granted summary judgment.
Sections 194.171(2) and (6), Florida Statutes, state in pertinent part:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll... .
... .
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.
(Emphasis added).
In Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988), the supreme court held that the "plain meaning of subsection (6) requires that the sixty day requirement of subsection (2) be construed as a jurisdictional statute of nonclaim rather than a statute of limitations." Id. at 815.[2]
The difference between the two is that a statute of limitations bars untimely claims only when a party asserts the operation of the statute of limitations as an affirmative defense; a statute of nonclaim operates as an automatic bar to untimely claims.
Thames v. Jackson, 598 So.2d 121, 123 (Fla. 1st DCA 1992). Thus, while failure by the property appraiser to follow statutory procedures might estop the appraiser from successfully asserting a statute of limitations defense, such a deficiency would not allow the court to assert jurisdiction if a claim is untimely under a statute of nonclaims. Miller v. Nolte, 453 So.2d 397 (Fla. 1984). Appellee, therefore, argues that the alleged failure to post notice is irrelevant to the jurisdictional question where appellant waited more than 60 days after certification of the tax roll.
Section 194.171(2), however, states that no action shall be brought "after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)."
Section 193.122(2) provides as follows:
[U]pon satisfying himself that all property is properly taxed, the property appraiser shall certify the tax rolls and shall within 1 week thereafter publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011 and publicly display a notice of the date of certification in the office of the property appraiser.

§ 193.122(2), Fla. Stat. (1989) (emphasis added).
The critical issue, therefore, is not whether appellant is entitled to assert that the appraiser is estopped from raising the timeliness issue as a result of the alleged failure to follow the statutory procedures, but whether the 60-day nonclaim period began to run if the statutory procedures for notice were not strictly complied with. This issue has not been addressed by Florida courts.
In addressing this issue, we are cognizant of the legislative intent and public policy behind the adoption of the nonclaim provision contained in sections 194.171(2) and (6), Florida Statutes, which is to ensure prompt payment of taxes due and making available revenues that are not disputed. Bystrom v. Diaz, 514 So.2d 1072, 1074 (Fla. 1987). We cannot, however, ignore the plain language that the 60-day period begins to run from the certification of the tax roll for collection under section 193.122(2).
In drafting section 193.122(2), the Legislature went to considerable lengths to ensure, as far as practical, that taxpayers would receive prompt notice of the certification of the tax roll. This section requires notice by *233 publication in a periodical and by public posting at the office of the property appraiser, both within one week of the date of certification. The Legislature stopped short of requiring actual notice to all taxpayers as such a requirement would have been impractical and unduly burdensome. See Markham v. Moriarty, 575 So.2d 1307, 1310 (Fla. 4th DCA 1991) (holds that the notice requirements of section 193.122(2) satisfy the requirements of due process).
Appellee's interpretation of the jurisdictional time limit would make gratuitous the notice provision of section 193.122(2) which says that the property appraiser shall provide notice at the time and in the manner specified. Despite the mandatory language, the notice requirement would be meaningless under appellee's interpretation because the only potential plaintiffs having standing to challenge the defective notice  those whose assessments were allegedly improper and who did not bring suit within 60 days  would be barred from the courts. It is improbable that the Legislature intended that a property appraiser could certify and extend the tax roll, fail to provide the required notice by publication and posting, wait 61 days and then be assured that no court could exercise jurisdiction over a taxpayer's claim of incorrect or invalid assessment.
In addition, in light of the severe consequences imposed upon the expiration of 60 days, strict compliance with the statutory notice requirements would appear to be consistent with the legislative purpose.
We, therefore, hold that the factual dispute concerning posting of the required notice was material to the issue of whether the statutory nonclaim period had run and, therefore, the trial court erred in granting summary judgment.
We do, however, certify the following question to be one of great public importance:
WHETHER THE FAILURE TO STRICTLY COMPLY WITH THE STATUTORY NOTICE PROVISIONS CONTAINED IN SECTION 193.122(2), FLORIDA STATUTES (1989), TOLLS THE RUNNING OF THE 60-DAY PERIOD CONTAINED IN SECTION 194.171(2), FLORIDA STATUTES (1989).
Reversed and remanded.
ZEHMER, C.J., and MINER, J., concur.
NOTES
[1] Appellant paid the disputed tax under protest on November 30, 1990.
[2] In an earlier ruling prior to the adoption of subsection (6), the court had held that subsection (2) constituted a statute of limitations. Miller v. Nolte, 453 So.2d 397 (Fla. 1984).