642 So.2d 826 (1994)
Williams A. JOYNER and Island Pine Corporation, Appellants,
v.
Lynwood ROBERTS, Property Appraiser/Tax Collector for Duval County, Florida, and Ernie Mastroianni, Property Appraiser for Duval County, Florida, Appellees.
No. 93-2355.
District Court of Appeal of Florida, First District.
September 22, 1994.
John P. Wilkes of John P. Wilkes, P.A., Fort Lauderdale, for appellants.
Charles W. Arnold, Jr., Gen. Counsel, Lee S. Carlin, Jacksonville, for appellees.
BENTON, Judge.
Land owners seek review of an order dismissing with prejudice their complaint contesting a tax assessment which was filed sixty-seven days after certification of Duval County's tax roll. The trial court concluded that the sixty-day statutory filing period under section 194.171(2), Florida Statutes (1991) began to run when the tax roll was certified.[1] We reverse on the authority of Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA *827 1994), which, we hasten to point out, came down after the learned trial judge ruled in the instant case.
For present purposes, we take as true the facts alleged in the complaint. By letter dated September 9, 1992, to the Duval County Property Appraiser, appellants, who reside in Broward County, objected to the amount of the proposed tax assessment on their vacant real property in Duval County, and indicated an intent to contest the assessment administratively. The letter also asked when the appraiser would certify the tax roll. The property appraiser initiated a departmental review of appellants' assessment, but did not answer the letter. In a second letter, dated November 3, 1992, appellants again requested advice as to the date of certification. This letter also went unanswered.
On October 17, 1992, the appraiser certified the tax roll to the tax collector. When appellants filed suit on December 23, 1992, alleging that the appraiser had assessed their property for ad valorem tax purposes at more than it was worth, the defendants filed the motion to dismiss which led to the judgment now on appeal.
We recently held in Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA 1994), that a property appraiser's failure to adhere strictly to the notice provisions in section 193.122(2), Florida Statutes prevents the running of the sixty-day period provided for in section 194.171(2). Section 193.122(2), Florida Statutes (1991) provides:
After the first certification of the tax rolls by the value adjustment board, the property appraiser shall make all required extensions on the rolls to show the tax attributable to all taxable property. Upon completion of these extensions, and upon satisfying himself that all property is properly taxed, the property appraiser shall certify the tax rolls and shall within 1 week thereafter publish notice of the date and fact of extension and certification in a periodical meeting the requirements of s. 50.011 and publicly display notice of the date of certification in the office of the property appraiser. The property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing. These certificates and notices shall be made in the form required by the department and shall be attached to each roll as required by the department by regulation.
(Emphasis supplied.) At issue in Chihocky was whether the failure to post notice in the appraiser's office prevented the running of the period, even though the required notice had been published in a newspaper.
Although the taxpayer in Chihocky was resident in the county where the property lay (and apparently did not allege lack of actual knowledge), we held "that the factual dispute concerning posting of the required notice was material to the issue of whether the statutory nonclaim period," 632 So.2d at 233, ever began, on a rationale that applies with equal or greater force here:
In drafting section 193.122(2), the Legislature went to considerable lengths to ensure, as far as practical, that taxpayers would receive prompt notice of the certification of the tax roll. This section requires notice by publication in a periodical and by public posting at the office of the property appraiser, both within one week of the date of certification. The Legislature stopped short of requiring actual notice to all taxpayers as such a requirement would have been impractical and unduly burdensome. See Markham v. Moriarty, 575 So.2d 1307, 1310 (Fla. 4th DCA 1991) (holds that the notice requirements of section 193.122(2) satisfy the requirements of due process).
Appellee's interpretation of the jurisdictional time limit would make gratuitous the notice provision of section 193.122(2) which says that the property appraiser shall provide notice at the time and in the manner specified. Despite the mandatory language, the notice requirement would be meaningless under appellee's interpretation because the only potential plaintiffs *828 having standing to challenge the defective notice  those whose assessments were allegedly improper and who did not bring suit within 60 days  would be barred from the courts. It is improbable that the Legislature intended that a property appraiser could certify and extend the tax roll, fail to provide the required notice by publication and posting, wait 61 days and then be assured that no court could exercise jurisdiction over a taxpayer's claim of incorrect or invalid assessment.
In addition, in light of the severe consequences imposed upon the expiration of 60 days, strict compliance with the statutory notice requirements would appear to be consistent with the legislative purpose.
Chihocky at 232-33. The same provision requiring posting and publication no less clearly requires: "The property appraiser shall also supply notice of the date of the certification to any taxpayer who requests one in writing." § 193.122(2), Fla. Stat. (1991). Taxpayers in the present case alleged two such requests, one some six weeks before certification took place.
The statute required the property appraiser to supply appellants notice of the date of the certification and attach a copy to the tax roll. Appellants allege that this did not occur. Especially in cases where the real property owner does not reside in the county where the property is located and makes repeated requests, it is important that the statute not become a dead letter. Unlike the taxpayer in Chihocky, who had ready access both to the local newspaper and to the court-house, the taxpayers here had neither.
Section 193.122(2), Florida Statutes (1991) contemplates taxpayers' receiving notice by posting or publication within seven days of certification. If on remand it can be shown that these taxpayers received actual notice of the date of certification within that interval or that they received notices the property appraiser mailed within that interval, they should be estopped to proceed with the law-suit. Otherwise, if plaintiffs prove their allegations, the sixty-day statutory period should be deemed to have begun as to their assessments on the day they received actual notice or the day the property appraiser mailed notice, if he did, whichever was earlier.
REVERSED and REMANDED.
BOOTH and MICKLE, JJ., concur.
NOTES
[1] Section 194.171(2), Florida Statutes (1991) provides:

(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
Section 194.171(6), Florida Statutes (1991) specifies that the "requirements of subsection (2) ... are jurisdictional."