667 So.2d 859 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, Appellant,
v.
RAY CONSTRUCTION OF OKALOOSA COUNTY, Appellee.
No. 95-228.
District Court of Appeal of Florida, First District.
January 30, 1996.
*860 Francisco M. Negron, Jr., Assistant Attorney General, Tallahassee, for Appellant.
Walter J. Smith of Smith, Grimsley, Bauman, Pinkerton, Petermann, Saxer & Wells, Ft. Walton Beach, for Appellee.
SMITH, Senior Judge.
The Florida Department of Revenue (Department) appeals an adverse final judgment in an action filed by Ray Construction of Okaloosa County, Ltd. (Ray Construction) to contest four documentary stamp tax assessments allegedly owed pursuant to chapter 201, Florida Statutes (1993). Ray Construction also sought a declaratory judgment to determine its documentary stamp tax liability with respect to other similar land transactions not yet subjected to audit and tax assessments by the Department. The circuit court denied the Department's motion to dismiss the action for lack of subject matter jurisdiction, and after an evidentiary hearing entered final judgment for Ray Construction on the merits of the complaint. We affirm in part and reverse in part.
The Department asserts error in the circuit court's ruling that the 60-day jurisdictional time limit for contest of tax assessments prescribed by section 72.011(2), Florida Statutes (1993), was tolled by the Department's failure to promulgate rules as required by section 72.011(2), and because the notice of proposed assessment issued by the Department with respect to the four specific land conveyances was ambiguous, and thus, was insufficient to notify the taxpayer and begin the 60-day time limitation prescribed by the statute. The Department also asserts that the circuit court erred in entertaining a declaratory judgment action and in entering final judgment for Ray Construction on the merits of the claim. We reverse the ruling that the 60-day time limitation of section 72.011(2) was tolled, and remand with directions to dismiss the complaint, so far as it pertains to the four tax assessments, for lack of subject matter jurisdiction based upon Ray Construction's failure to comply with the statutory time limits for filing suit. However, we affirm the final judgment insofar as it provides a declaratory judgment determining that Ray Construction is not liable for additional tax assessments with respect to similar land conveyances not yet subjected to audit and assessment by the Department.
Section 72.011(2) provides, in part:
(2) No action may be brought to contest an assessment of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1) after 60 days *861 from the date the assessment becomes final.
Under the provisions of this statute a taxpayer has 60 days from the date an assessment becomes final within which to file a petition for administrative proceedings pursuant to chapter 120, Florida Statutes, or to file a complaint in the circuit court. The requirements of section 72.011(2) are jurisdictional, and therefore, failure to comply precludes the circuit court from entertaining jurisdiction over the matter. Department of Revenue v. Nu-Life Health and Fitness Center, 623 So.2d 747, 752 (Fla. 1st DCA 1992).
The court below determined that the 60-day period was tolled because the Department failed to sufficiently promulgate rules of procedure by which the taxpayer shall be notified as required by section 72.011(2). The trial court also reviewed each of the notices of proposed assessment and found that the notice itself was ambiguous and failed to put the taxpayer on notice that the assessment would become final, and that the taxpayer had 60 days from the period the notice became final within which to challenge the assessment.
The Department's duty to promulgate rules regarding tax assessments is found in section 72.011(2), which provides in pertinent part:
The Department of Revenue ... shall establish by rule when an assessment or refund denial becomes final for purposes of this section and a procedure by which a taxpayer shall be notified of the assessment or refund denial.
In compliance with the foregoing statute the Department duly promulgated rules 12.6002-12.6007, Florida Administrative Code, setting out the procedure by which the Department may issue assessments for additional taxes, and the procedure to be followed by a taxpayer seeking to protest such assessments. In accordance with its rule, the Department issued to Ray Construction notices of official requests for information and notices of intent to make audit changes. The Department thereafter issued four notices of proposed assessment, which were provided to Ray Construction. Receipt of these notices is not disputed by Ray Construction. Each notice of proposed assessment contained, among other things, the following paragraph:
In the event you do not wish to avail yourself of the informal protest provisions referred to, this proposed assessment will become a Final Assessment on [date provided] and no relief can be granted beyond the 60th day from that date [date provided] by the Department of Revenue, the Department of Administration or the courts of this state.
We find that the Department's notice was sufficient to establish the time when a tax assessment becomes final and the time limits prescribed for an action to challenge the assessment.
With regard to notification of the taxpayer, we agree with Ray Construction that the Department's rule contains no provision specifying the manner in which the taxpayer shall receive notice of the assessment itself. We note, however, that receipt of the tax assessment notices by Ray Construction was conceded both below and before this court. In addition, the testimony before the trial court clearly established that Ray Construction received the notices by certified mail, and in addition, received telephonic communications by the Department concerning the 60-day time limit for taking action either by administrative proceedings or by circuit court suit. Notwithstanding these written and telephonic communications, Ray Construction's complaint was filed more than six months after receipt of the last notice of assessment, and more than 60 days after each assessment became final.[1]
Relying to a large extent upon this court's decision in Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA 1994), Ray Construction argues that the Department's failure to adopt a rule setting out a specific procedure for delivery *862 of notice of the proposed tax assessment to a taxpayer voids the notices of tax assessment actually received by Ray Construction. We disagree with this conclusion.
In Chihocky, the pertinent statutory provision, section 194.171, barred any action to contest an assessment "after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)." (Emphasis added.) Section 193.122(2) required the property appraiser to certify the tax rolls and "within 1 week thereafter publish notice" of the date and fact of extension and certification, and "publicly display a notice" of the date of certification in the Office of the Property Appraiser. This court found the critical issue to be "whether the 60-day nonclaim period began to run if the statutory procedures for notice were not strictly complied with." In light of the severe consequences imposed under the 60-day limitation period, the court held that strict compliance with the statutory notice requirement was necessary in order to commence the running of the 60-day period. Id. at 233.[2] By contrast, the statute here, section 72.011(2), plainly states that the 60-day period begins to run "from the date the assessment becomes final." The statute contains no provision concerning the manner in which notice of finality of the assessment shall be communicated to the taxpayer. Instead, the department is given discretion concerning the procedure and method for such notice, albeit the department is statutorily directed, under section 72.011(2), to exercise that discretion by enactment of a rule.[3]
We find that the ruling in Chihocky is not dispositive of the issue before us. Here, unlike Chihocky, the issue is whether the Department's failure to enact a rule operates to postpone the commencement of the statutory 60-day jurisdictional period, where the taxpayer concedes the actual receipt of notice giving the specific dates on which each of the assessments became final. In concluding that the absence of a rule does not overcome the fact of actual notice, we are guided by this court's recent decision in Joyner v. Roberts, 642 So.2d 826 (Fla. 1st DCA 1994). In that case this court, interpreting the same statutory provisions as were before the court in Chihocky, held that the taxpayer's receipt of actual notice of the certification date would commence the running of the 60-day period. We find nothing in the statutory provisions applicable in this case that would indicate a different result. Accordingly, we reject Ray Construction's contention that the tax assessments never became "final" so as to activate the 60-day jurisdictional period within which to institute legal action. In so holding, we are compelled to find that the trial court lacked subject matter jurisdiction to entertain a challenge to the four existing final tax assessments.
Turning next to the declaratory judgment aspect of this case, we first reject the proposition, advanced by the Department without citation of any supporting authority, that Chapter 72, Florida Statutes, provides the exclusive remedy for a challenge to the tax assessments in question, and that Chapter 72 preempts the general provisions of Chapter 86, Florida Statutes, which recognizes jurisdiction in the trial courts to entertain actions for declaratory judgment. We find nothing in Chapter 72 warranting this interpretation by the Department. The only statutory guidance of which we are aware is found in section 86.111, in which the legislature specifically stated: "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Had the legislature intended any exceptions to the broad grant of authority contained in chapter 86 we are confident it would have so stated.
*863 We similarly reject, as unsupported by any legal authority which has been brought to our attention, Ray Construction's assertion that an action for declaratory relief is maintainable without regard for the 60-day jurisdictional limit found in section 72.011(2). Nothing in this or other portions of Chapter 72 indicate that the 60-day jurisdictional period is directed to any particular form of "action" by which a taxpayer may seek to contest the legality of a tax assessment or denial of a refund.
The trial court received extensive testimonial and documentary evidence concerning the transactions giving rise to the four contested assessments. The evidence also established that Ray Construction had received and recorded deeds with respect to some 60 to 100 other land conveyances, the majority of which were in the same subdivision as those involved in the four contested assessments, and which were handled in the same manner, for documentary stamp purposes, as the conveyances underlying the four contested assessments. Although at the time of the trial below the Department had not instituted proceedings for the assessment and collection of additional documentary taxes on these other conveyances, the evidence established that if the Department undertook to audit and review Ray Construction's tax liability on these transactions the Department would determine the tax consequences of these other transactions in the same manner as it did with respect to the four transactions for which assessments had already been issued. The Department had already audited and issued tax assessments on four occasions, and the prospect of similar action with respect to up to 100 other transactions was imminent.[4] In our view, these facts clearly show the existence of a real and present dispute appropriate for resolution by declaratory judgment. See, Bystrom v. Florida Rock Industries, 452 So.2d 1053 (Fla. 3d DCA 1984) (statute barring suit to contest tax assessment after sixty days from date assessment becomes final does not preclude commencement of action prior to finality of assessment); Strachan Shipping Co. v. Spigner, 573 So.2d 926 (Fla. 1st DCA 1991), rev. denied, 583 So.2d 1034 (Fla.1991) (error to dismiss complaint for declaratory judgment by alleged employer seeking immunity under workers' compensation statute against tort claims by workers allegedly injured in same accident, where complaint alleged one worker had already filed suit and other workers claimed to have been injured and had made claims or had potential claims for alleged injuries; complaint presented real and present dispute and was appropriate for declaratory relief).
The trial judge made extensive findings of fact in his ruling on the merits of the case, which we will recite here to the extent we feel necessary. As determined by the trial judge, Ray Construction is a limited partnership owned by Timothy Ray and Thomas Ray. Both Rays are also the general and limited partners of R & R Land, Ltd., which purchases acreage and develops it into subdivision lots which are then sold to Ray Construction for the sum of $6,000 per lot. Ray Construction is in the residential house construction business. The method of operation followed by Ray Construction and R & R Land, Ltd., so far as the transactions in controversy are concerned, is that R & R Land, Ltd. holds legal title to the residential lot during construction of a home thereon by Ray Construction. After the home is built, Ray Construction sells the home to a third party purchaser, conveying title to the real property and improvements by warranty deed. Documentary tax stamps for the full amount of the purchase price paid by the third party purchaser are placed on the deed by Ray Construction at the time of recording the purchaser's warranty deed. Simultaneously with execution and delivery of the warranty deed to the third party purchaser, R & R Land, Ltd. executes and delivers to Ray Construction a quitclaim deed conveying title to Ray Construction. Ray Construction, in accordance with the established agreement between the parties, pays to R & R Land, Ltd. the sum of $6,000, and documentary *864 stamps based upon that consideration are affixed to the quitclaim deed upon recording by Ray Construction. The purpose of having land acquisition and subdivision development done by a separate partnership, R & R Land, Ltd., with the arrangement whereby the lots would be sold to Ray Construction for a fixed price, was to establish a value of the lots for financing purposes and for the purpose of ascertaining the actual cost of developing the subdivision lots.
The trial court further found that R & R Land, Ltd. developed the subdivision with financing from two bank loans which were secured by mortgages on the subdivision lots. These mortgages provided that the lots would be released from both mortgages upon payment of the sum of $6,000 for each lot. Ray Construction erected houses on the lots while still titled in the name of R & R Land, Ltd., using Ray Construction's own separate funds and funds borrowed by Ray Construction on a $500,000 line of credit from the bank, which in turn was secured by a mortgage on property owned by Ray Construction, and not on the lots owned by R & R Land, Ltd. From each house closing Ray Construction paid the bank the sum of $41,500 on their line of credit loan. Upon sale of the house by Ray Construction to a third party, R & R Land, Ltd. would issue a quitclaim deed to the lot and be paid the sum of $6,000, at closing, to release the lot from the development mortgages executed by R & R Land, Ltd. At closing, Ray Construction would pay the bank $41,500, plus accrued interest, on its $500,000 line of credit loan. After the R & R Land, Ltd. mortgages to the bank were paid, R & R at closing received directly the sum of $6,000 per lot. R & R Land, Ltd. never mortgaged the subdivision lots to secure Ray Construction's open line of credit with the bank.
The Department concedes that Ray Construction placed the proper amount of documentary stamps on the deeds to the third party purchaser. However, the Department contends that Ray Construction should also have placed documentary stamps on the quitclaim deed from R & R Land, Ltd. in the full amount of the sales price paid for the lot and completed house by the third party purchaser. As noted, Ray Construction placed documentary stamps on the quitclaim deeds only in the amount required for the actual consideration paid by Ray Construction to R & R Land, Ltd.the amount of $6,000 per lot.
The Department argues that it correctly assessed documentary stamp taxes pursuant to section 201.02, Florida Statutes, and Rule 12B-4.013(22), Florida Administrative Code, for the full fair market value of each lot and the improvements thereon, as evidenced by the purchase price at the time of sale to a third party buyer. According to the Department, although Ray Construction claims to have received only the title to the lots by quitclaim deed, its position is that the grantor, R & R Land, Ltd. and the partners, Timothy and Thomas Ray, had an ownership interest in the houses constructed on the lots, because R & R Land, Ltd., and the partners provided the security for Ray Construction's construction line of credit. These interests, according to the Department, were transferred to Ray Construction along with the land upon conveyance by quitclaim deed. We find no error in the trial court's rejection of these contentions, based upon the evidence presented.
The trial court found, contrary to the Department's contention, that the sole consideration paid by Ray Construction to R & R Land, Ltd., for each lot was the sum of $6,000. Under the controlling statute, section 201.02(1), consideration includes, but is not limited to the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money lien, or other encumbrance, whether or not the underlying indebtedness is assumed. The statute further provides, in part: "If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein." (Emphasis added.)
The trial court concluded, and we agree, that there was no occasion under the facts presented to resort to the "fair market value" language of the statute, since there was no property or consideration other than money flowing from Ray Construction to R & R Land, Ltd. We find the trial court's ruling is supported by the evidence which established that the only consideration flowing from Ray *865 Construction to R & R Land, Ltd. was the $6,000 payment for each lot.
The Department also urges the application of Rule 12B-4.013(22), which provides in part as follows:
Where a conveyance of realty is made by a corporation or person engaged in the business of land sales and construction of buildings and other improvements, stamp tax is imposed on the conveyance based on the amount of consideration paid or to be paid upon delivery of the deed to the purchaser. If the deed is not delivered to the purchaser until construction is completed, stamp tax is required on the total consideration paid for the land and improvements, regardless of the date of recordation....
We find the above rule to be irrelevant, as did the trial court. As pointed out by the trial court in his final judgment, the rule is applicable to conveyances from an entity engaged in the business of "land sales and construction" of buildings and other improvements. The evidence below established that R & R Land, Ltd. was not in the business of land sales and construction of buildings and other improvements, but was merely engaged in the business of land acquisition and development, and conveyance of lots to Ray Construction. These conveyances by R & R Land, Ltd. were not subject to the rule. On the other hand, the conveyances made by Ray Construction to the third party purchasers were within the purview of the rule, and Ray Construction complied with the rule by paying documentary stamp tax based upon the full consideration paid by the third party purchaser. We agree with the analysis and ruling by the trial judge below, that the rule is not applicable to the conveyances in question since the buildings and other improvements located on the lots were paid for and constructed by Ray Construction, and not by R & R Land, Ltd., the grantor in each quitclaim deed. Tax laws are to be construed strongly in favor of the taxpayers and against the government, and all ambiguities or doubts are to be resolved in favor of the taxpayers. Taxes may be collected only within the clear definite boundaries recited by the statute. Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla.1967).
For the reasons above stated, we approve that portion of the final judgment awarding a declaratory judgment in favor of Ray Construction, in which the court declared that the Department has no right to impose an assessment of additional documentary stamp taxes upon deeds from R & R Land, Ltd., to Ray Construction based upon the fair market value, or sales price paid by a third party purchaser of the lot from Ray Construction. This declaratory judgment obviously pertains only to those transactions between R & R Land, Ltd. and Ray Construction which were handled in the same manner as the transactions for which the four assessments were issued, but which had not reached the audit or assessment stage at the commencement of the proceedings below. We reverse, as to that portion of the final judgment invalidating the four assessments and ordering a refund to Ray Construction, because the challenge to these assessments was untimely.
REVERSED in part and AFFIRMED in part and remanded for entry of an amended final judgment and such other and further orders or judgments as may be necessary in accordance with the foregoing opinion.
KAHN and DAVIS, JJ., concur.
NOTES
[1] The notices of tax assessment were received by Ray Construction on the dates February 26, 1993, June 21, 1993, July 21, 1993, and July 23, 1993. Each tax assessment notice gave the specific date on which the assessment became a final assessment: April 25, 1993; August 17, 1993; September 14, 1993; and September 19, 1993, respectively. Ray Construction's initial complaint was filed on February 24, 1994, and a supplemental complaint on March 31, 1994.
[2] The court further held, however, that since a factual dispute existed concerning posting of the required notice, so as to commence the running of the statutory nonclaim period, the trial court's entry of summary judgment adverse to the taxpayer was error.
[3] As noted above, contrary to the assertions made by the Department we find that its rule found in Chapter 12-26, Florida Administrative Code, contains no provision whatever concerning the manner in which notice of an assessment shall be communicated to the taxpayer. This omission is made glaringly evident by comparison with the language of rules 12-26.005 and 12-26.006, F.A.C. governing refund denials.
[4] That the Department will seek in the future to enforce the law as interpreted by it in the past may be presumed absent evidence to the contrary. See, in general, 9 Fla.Jur.2d, "Civil Servants," §§ 102, 176.