PER CURIAM.
The City of Fernandina Beach appeals a final judgment dismissing its complaint which challenged a decision of the Nassau County Value Adjustment Board (the Board). We affirm.
The trial court dismissed the City’s complaint because it had not been filed within 60 days of the rendering of the Board’s decision, as required by section 194.171(2), Florida Statutes (1995). The City argues on appeal that the operation of this jurisdictional non-claim statute should be tolled in the instant case because of certain alleged irregularities in the Board’s proceedings. We find this argument without merit. The failure to strictly comply with the statutory notice procedures may toll the running of the 60-day period in section 194.171(2). Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA 1994); and Joyner v. Roberts, 642 So.2d 826 (Fla. 1st DCA 1994). Because none of the Board’s alleged irregularities related to the notice given regarding entry of the Board’s decision and because the City received actual notice of the Board’s decision, however, no tolling of the 60-day period has occurred here. Joyner, 642 So.2d at 828; and State, Dept, of Revenue v. Ray Const, of Okaloosa County, 667 So.2d 859, 862 (Fla. 1st DCA 1996).
Further, we find no merit to the City’s argument that the statute should be *574 tolled because the City’s attorney was not provided a copy of the notice of the Board’s decision. The “taxpayer” is required to receive a copy of the decision of a value adjustment board, section 194.034(2), Florida Statutes (1995), and it is undisputed that the taxpayer here, the City, received a copy of the Board’s decision. Although, where a taxpayer is represented by counsel before the Board, it may be the preferred practice for the Board to also provide a copy or notice of its decision to counsel, there is no statutory requirement that the taxpayer’s attorney be provided a copy of the Board’s decision.
Finally, the City’s argument that it was entitled an additional 5 days to file a complaint by operation of Rule 1.090(e), Florida Rules of Civil Procedure, is plainly without merit. Rule 1.090(e) clearly does not apply to the computation of the time periods under section 194.171(2), Florida Statutes (1995).
The final judgment of dismissal is therefore AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.