BARKDULL, Judge.
The appellant Palmer Trinity Private School appeals an order granting final summary judgment in favor of Joel Robbins, the property appraiser of Dade County. We affirm.
Palmer Trinity acquired the subject property, a private school, in 1987. In 1988, it applied for an educational tax exemption from ad valorem taxes. The property appraiser denied the application. Palmer then petitioned the PAAB, the Property Appraisal Adjustment Board, to review the decision. On November 14, 1988, a special master recommended to the PAAB that the exemption be approved for the year 1988. The PAAB adopted the special master’s recommendation and certified its approval of same on July 28, 1989. On August 25, 1989, the property appraiser filed suit in the circuit court challenging the PAAB’s decision. The circuit court disallowed the exemption and Palmer Trinity appealed. This court reversed the circuit court, finding that the property did qualify for an educational exemption. Trinity Episcopal School, Inc. v. Robbins, 605 So.2d 880 (Fla. 3d DCA 1992). A motion for rehearing was denied and the Florida Supreme Court denied the petition for review. Robbins v. Trinity Episcopal School, Inc., 617 So.2d 320 (Fla.1993).
*810 Florida Statute section 196.011 requires the properly appraiser to mail a renewal application to the applicant on or before February 1st “once an original application for tax exemption has been granted.” Fla. Stat. § 196.011(6) (1995). In February of 1989, the property appraiser did not mail a renewal application to Palmer for 1989. Its position was that it was required to send renewal applications only to those persons who had been granted a tax exemption in the prior year, not to those whose exemption was in the appeal process. It had however, mailed notice of the proposed assessment to Palmer in August of 1989 and mailed the actual tax bill in November of 1989.
In 1991, while the litigation was working its way through the courts, Palmer sold the property to the Board of Trustees of the State of Florida. To complete the sale Palmer agreed to pay the 1989 ad valorem taxes to release the tax lien on the property. In August of 1993, not having received a refund for the $27,485.10 which it paid for taxes in 1989, Palmer brought an action challenging the assessment of ad valorem taxes for the year 1989. Both parties filed motions for summary judgment. The circuit court held that pursuant to Florida Statute section 194.171(2) (1993), it did not have jurisdiction over the case because Palmer had not filed the action contesting the assessment within sixty days from the date that the assessment was certified for collection.
Palmer argues that the failure of the property appraiser to send a renewal application for the 1989 tax year tolled the sixty day period for filing an appeal. Robbins answers that its failure to send the renewal application did not prevent Palmer from appealing the denial of the exemption within sixty days of the date that the tax roll was certified since it received actual notice of the denial well before that date and so the commencement of the sixty day period should not be tolled.
Florida Statute section 194.171 (1988) provided that:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under section 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under section 197.323.
[[Image here]]
(6) The requirements of subsections (2), (3), and (5) are jurisdictional....
The Florida Supreme Court has interpreted subsection (6) as a jurisdictional statute of non-claim rather than a statute of limitations. Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988). This means that the circuit court lacks subject matter jurisdiction if the requirements are not met. Id. Palmer asserts that pursuant to Chihocky v. Crapo, 632 So.2d 230 (Fla. 1st DCA 1994), this court should hold that the failure to send an exemption renewal application is equivalent to the failure of the property appraiser to publish notice of the certification of the tax roll as required by statute and therefore the sixty day period should be tolled. We disagree.
In Chihocky, the First District held that the failure of the appraiser to comply with the statutory notice provisions tolled the running of the sixty day period to challenge a tax assessment. This holding was reasonable because without proper notice, the taxpayer was unable to determine when the sixty day period began to run. However, the First District has not extended the holding of Chihocky to cases where the taxpayer received actual notice of the date of the certification of the tax roll. See State Dept, of Revenue v. Ray Constr. of Okaloosa County, 667 So.2d 859 (Fla. 1st DCA 1996); Joyner v. Roberts, 642 So.2d 826 (Fla. 1st DCA 1994).
In this ease the failure to send a renewal application did not affect Palmer’s ability to challenge the denial of the exemption since it concedes that it had actual notice of the date of the certification of the tax roll. It did not bring this action to challenge the tax assessment until two and one half years later and has offered no explanation for the delay. Furthermore, the PAAB did not render a final decision in the 1988 litigation until July *811 28, 1989. The property appraiser appealed that decision to the circuit court on August 25, 1989. Therefore, when the sixty day period expired on December 18,1989, Palmer must have known that the issue of its entitlement .to an exemption in 1988 was not yet final. Since this statute of non-claim is strictly enforced[1], we decline to carve out an exception based upon the facts in this case and the order under review is affirmed.
Affirmed.

. See e.g. Davis v. Macedonia Housing Authority, 641 So.2d 131 (Fla. 1st DCA 1994), review denied, 651 So.2d 1195 (Fla. 1995); Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992).