The Honorable Ken Burton, Jr. Manatee County Tax Collector Post Office Box 25300 Bradenton, Florida 34206-5300
Dear Mr. Burton:
You have asked for my opinion on substantially the following question:
Is a rented boat slip at a marina taxable under the provisions of sections 125.0104, 212.03, or 212.0305, Florida Statutes?
In sum:
1. Manatee County may not impose the tourist development tax provided in section 125.0104, Florida Statutes, on boat slips rented at marinas.
2. Manatee County may impose the transient rentals tax authorized by section 212.03(6), Florida Statutes, on the rental of docking or storage spaces for boats in boat docks or marinas.
3. Manatee County may not impose the convention development tax authorized by section 212.0305, Florida Statutes, on the rental of boat slips at marinas.
Section 125.0104, Florida Statutes
Section 125.0104, Florida Statutes, is the "Local Option Tourist Development Act."[1] The Legislature described its reasons for adopting the act in subsection (3)(a):
"It is declared to be the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section, unless such person rents, leases, or lets for consideration any living quarters or accommodations which are exempt according to the provisions of chapter 212."
The tourist development tax may be levied in addition to any other taxes imposed pursuant to Chapter 212, Florida Statutes, (providing generally for sales and use taxes) and all other taxes and fees that may be levied on the rental or lease of property.[2]
The terms of the statute are clear. A tax is levied for the privilege of renting or letting living quarters or accommodations. Nothing in this statute addresses the taxation of rented boat slips in marinas.
You have suggested that the provisions of section 125.0104 Florida Statutes, extend to boat slips because section 212.02(10)(k), Florida Statutes, defines a "roominghouse" to include "[e]very house, boat, vehicle . . . ." While this definition extends to boats, no mention of boat slips is made therein.
Thus, it is my opinion that Manatee County may not impose the tourist development tax provided in section 125.0104, Florida Statutes, on boat slips rented at marinas.
Section 212.03, Florida Statutes
Section 212.03, Florida Statutes, a transient rentals tax,[3] generally imposes an excise tax on business transactions for the privilege of
"renting, leasing, letting, or granting a license to use any living quarters or sleeping or housekeeping accommodations in, from, or a part of, or in connection with any hotel, apartment house, roominghouse, or tourist or trailer camp."[4]
This is not a tax against persons or property but a tax on the privilege of engaging in a particular occupation or business, although it is computed upon the sales price of the commodity or upon the price charged for the service rendered.[5] Any person who rents living quarters for a period of longer than 6 months is exempt from the tax.[6]
Subsection (6) of the statute specifically provides that:
"It is the legislative intent that every person is engaging in a taxable privilege who leases or rents parking or storage spaces for motor vehicles in parking lots or garages, who leases or rents docking or storage spacesfor boats in boat docks or marinas, or who leases or rents tie-down or storage space for aircraft at airports. For the exercise of this privilege, a tax is hereby levied at the rate of 6 percent on the total rental charged." (e.s.)
Thus, it is clear that the Legislature considered the rental of docking or storage spaces for boats in boat docks or marinas to be a taxable privilege under section 212.03, Florida Statutes.
In 1975 this office was asked whether this statute applied to dockage charges imposed by the Port of Palm Beach District. The opinion considered the nature of the district, whether the term "boat" was limited or expansive and, finally, whether the term "boat docks and marinas" included only facilities used for pleasure boats. The opinion stated that "the phrase boat docks or marinas is . . . meant to include all facilities that might be used for leasing or renting docking or storage spaces for boats."[7] Thus, "[t]he inescapable conclusion is that the legislative intent was to impose sales tax on the taxable privilege of leasing or renting docking or storage spaces for boats (this term being synonymous with vessel) in either boat docks or marinas (the latter being commonly associated with pleasure boats; the former being commonly associated with the facilities provided by port authorities)." The opinion concluded that the sales tax imposed by section 212.03(6), Florida Statutes, applied to dockage charges imposed by the district. The text of section 212.03(6), Florida Statutes (2001), and the statute as it existed in 1975 are identical with regard to the taxability of docking or storage spaces for boats.
Thus, it is my opinion that a boat slip rental at a marina that satisfies the criteria established under section 212.03, Florida Statutes, would be taxable under the provisions of that section as a transient rental.[8]
Section 212.0305, Florida Statutes
Section 212.0305, Florida Statutes, is entitled the "Convention Development Tax Act."[9] As specifically stated by the Legislature, "[o]ne of the principal purposes of the convention development tax is to promote tourism and the use of hotel facilities by facilitating the improvement and construction of convention centers."[10] Authorization for the levy of a convention development tax is provided for: 1) a consolidated government; 2) a charter county; 3) a special district; 4) a special levy by certain counties; and 5) a subcounty unit.[11]
The convention development tax on transient rentals imposed by a county governing body applies to
"the amount of any payment made by any person to rent, lease, or use for a period of 6 months or less any living quarters or accommodations in a hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, tourist or trailer camp, mobile home park, recreational vehicle park, or condominium."[12]
An exemption from the tax imposed under section 212.03, Florida Statutes, also qualifies as an exemption from the tax imposed under section 212.0305, Florida Statutes.[13] Further, the tax levied under section 212.0305 is "in addition to any other tax imposed pursuant to this chapter and in addition to all other taxes and fees and the consideration for the rental or lease."[14]
As noted above, section 212.02(10), Florida Statutes, defines the terms "[l]ease," "let," or "rental" to mean leasing or renting living quarters or sleeping or housekeeping accommodations in hotels, apartment houses, roominghouses, tourist or trailer camps and real property. For purposes of Chapter 212, a "roominghouse" is deemed to include:
"Every house, boat, vehicle, motor court, trailer court, or other structure or any place or location kept, used, maintained, or advertised as, or held out to the public to be, a place where living quarters or sleeping or housekeeping accommodations are supplied for pay to transient or permanent guests or tenants, whether in one or adjoining buildings[.]"[15] (e.s.)
Unlike section 212.03(6), Florida Statutes, which specifically addresses the rental of docking at marinas, section 212.0305, Florida Statutes, does not make specific provision for taxing rentals of boat slips. Rather, the statute addresses the tax consequences of renting a boat as a transient rental of accommodations.
In the absence of any clear indication that the Legislature intended the rental of boat slips at marinas to be taxable under the provisions of section 212.0305, Florida Statutes, the convention development tax, I must conclude that the county possesses no authority to impose such a tax.[16]
Thus, it is my opinion that Manatee County may not impose the convention development tax authorized by section 212.0305, Florida Statutes, on the rental of boat slips at marinas.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 125.0104(1), Fla. Stat., provides the short title for the act.
[2] Section 125.0104(3)(e), Fla. Stat.
[3] See, title to s. 212.03, Fla. Stat.
[4] Section 212.03(1), Fla. Stat.
[5] See, Ops. Att'y Gen. Fla. 86-83 (1986) and 75-278 (1975).
[6] Section 212.03(4), Fla. Stat.
[7] Op. Att'y Gen. Fla. 75-278 (1975).
[8] And see, Plotnicky v. Department of Revenue, 20 FALR 1134 (1997), in which an exemption from the tax imposed by section 212.03, Fla. Stat., was sought and denied for rental of a boat slip at a marina because a boat marina is not within the definition of a tourist or trailer camp which would qualify for an exemption; and Wells v.Department of Revenue, 10 FALR 2321 (1996), for the proposition that rental amounts obtained from leasing boat slips are taxable as rentals or leases of real property under Rules 12A-1.070 and 12A-1.073, F.A.C.
[9] Section 212.0305(1), Fla. Stat., provides the title of the act.
[10] Section 212.0305(2), Fla. Stat.
[11] Section 212.0305(4)(a)-(e), Fla. Stat.
[12] Section 212.0305(3)(a), Fla. Stat.
[13] Section 212.0305(3)(a), Fla. Stat.
[14] Section 212.0305(3)(k), Fla. Stat.
[15] Section 212.02(10)(c), Fla. Stat.
[16] See, State ex rel. Housing Authority of Plant City v. Kirk,231 So.2d 522 (Fla. 1970) (all doubts relative to interpretation of taxing statutes should be resolved against the state when legislative intent is doubtful); and State, Dept. of Revenue v. Ray Construction ofOkaloosa County, 667 So.2d 859 (Fla. 1st DCA 1996) (tax laws are to be construed strongly in favor of taxpayers and against government, and all ambiguities or doubts are to be resolved in favor of taxpayers.)